```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                     CASE NO. 08-60758-CIV-ZLOCH
                     MAGISTRATE JUDGE P.A. WHITE
```

JAMES WIDNER,                   :

    Petitioner,             :        <u>REPORT OF</u>
                                         <u>MAGISTRATE JUDGE</u>
v.                              :

WALTER MCNEIL,                  :

    Respondent.             :
_____

    The pro-se movant, James Widner, filed a motion for relief from judgment pursuant to <u>Fed.R.Civ.P.</u> 60(b), including Exhibits A thru V, in case no. 00-7125-Civ-Zloch, referred to the Undersigned Magistrate Judge on May 9, 2008. The Clerk was directed to open this pleading as a petition for writ of habeas corpus, and it was assigned case No. 08-60758-Civ-Zloch.

    The petitioner filed a petition for writ of habeas corpus in Case No. 00-7125-Civ-Zloch attacking his convictions and sentences for sexual battery upon a person less than twelve years of age, entered on October 5, 1992, following a jury trial in Broward County Circuit Case No. 90-11675. The petition was denied on May 30, 2001.  The Eleventh Circuit Court of Appeals affirmed the Judgment of the Circuit Court on October 1, 2002, Case No. 01-13910-GG.

    The petitioner is essentially collaterally attacking his convictions and sentences in Case no. 90-11675. The petitioner

raised 21 claims in his petition for writ of habeas corpus. The Undersigned Magistrate entered a detailed Report recommending that the petition be denied, as the claims were without merit. The Report was adopted by United States District Judge William Zloch on May 30, 2001. This motion for relief from judgement is successive.[1]

On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \* \* \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

---

[1] The petitioner's Rule 60(b) motion to reopen the judgment can be regarded as a second or successive application for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). A prisoner may not be entitled to evade the restrictions of filing a successive petition by filing a Rule 60(b). <u>Gonzalez v. Secretary for the Department of Corrections</u>, 366 F.3d 1253 (11 Cir. 2004).

>     (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>     (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>     (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>                          *   *   *

(Emphasis added.)

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

The movant is attempting to avoid the restrictions imposed upon successive petitions by filing a Rule 60(b). Federal Rule Civil Procedure 60(b) provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The motion is to be made within a reasonable time, no more than a year after the entry of the judgment or order or the date of the proceeding. <u>Fed.R.Civ.Pro.</u> 60(c)(1). The petitioner filed his motion for relief from judgment four years after the

Mandate issued affirming the denial of his petition for writ of habeas corpus and it out of time. Further, the petitioner raises conclusory claims of fraud by the trial courts and the Eleventh Circuit Court of Appeals, and fails to establish relief pursuant to the Rule.

The petitioner further alleges that he is actually innocent of the crime. Widner has submitted no "new reliable evidence" to support his claim of actual innocence nor has he suggested that this requisite evidence exists so as to meet the demanding standard.[2]  See House v. Bell, ____ U.S. ____, 126 S.Ct. 2064 (2006)(holding actual innocence requires substantive review only in extraordinary cases). In any case, this determination must be made by the appellate court, and Widner must obtain permission to file

---

[2]The Supreme Court has reiterated the standard to be applied to claims of actual innocence. See House v. Bell, ___ U.S. ____, 126 S.Ct. 2064, 2077 (2006)(citing Schlup v. Delo, 513 U.S. 298, 319-322, 324 (1995)). The Supreme Court noted that while the "standard is demanding and permits review only in the 'extraordinary' case", the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). Accordingly, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. In the habeas context, "actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. U.S., 523 U.S. 614, 623 (1998). The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.

this successive petition from the Eleventh Circuit Court of Appeals.

It is therefore recommended that this petition be dismissed, as successive.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 1st day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  James Widner, Pro Se
     DC#773669
     South Bay CI
     Address of Record